United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11   CAROLE MARASOVIC,                    No   C-04-4141 VRW

12         Plaintiff,                     ORDER

13         v

14   CONTRA COSTA COUNTY ADULT
     PROTECTIVE SERVICES,
15
           Defendant.
16
     _____/
17
18
19         On March 29, 2005, plaintiff filed a letter with the

20   court in No C-00-1954 VRW ("No 00-1954") styled: "Request for leave

21   to renew motion under Rule 60(b) to reopen case or alternatively,

22   clarification for reasoning if earlier denial of reopening, in

23   favor of refiling, was based on equitable tolling/savings statute."

24   Doc #127.  Because No 00-1954 had been closed, the court directed

25   the clerk to move this filing to No 04-4141 and indicated that it

26   would treat the filing as a motion.  Doc #129.  Defendants

27   subsequently filed an opposition to the motion (Doc #24), and

28   plaintiff submitted an untimely reply (Doc #27).  After reviewing

the parties' arguments and the applicable federal law, the court DENIES plaintiff's request to renew her motion to reopen No 00-1954.

I

A review of the procedural background of these cases is appropriate.  Plaintiff filed her complaint in No 00-1954 on behalf of herself and her deceased mother, Elizabeth Marasovic, on May 31, 2000.  Doc #1.  Plaintiff's mother passed away on June 7, 1999, during an effort to resuscitate her by the staff at Shields-Richmond Nursing Center, a convalescent hospital in El Cerrito, California.  Plaintiff brought federal and state claims against the various medical providers as well as other entities and individuals involved in providing medical care to plaintiff's mother or investigating potential elder abuse in the days prior to her death. Upon the filing of the complaint, No 00-1954 was assigned to the undersigned.  Over the course of the next sixteen months, plaintiff thrice amended her complaint (Docs ## 11, 42 and 67).  Upon defendants' motion to dismiss the third amended complaint (TAC), on August 29, 2001, the court dismissed all federal claims against all defendants except Contra Costa county and two of its employees, Rhonda Edwards and Christine Mulder (collectively, "county defendants").  Doc #91.  As a result of this order, plaintiff had two remaining federal claims against the county defendants stemming from an allegedly unconstitutional search of plaintiff's residence on June 1, 1999.

Additionally, the court's August 29, 2001, order dismissed plaintiff's state law claims against the county

United States District Court<br>For the Northern District of California

2

United States District Court

For the Northern District of California

1  defendants because plaintiff had not alleged that she had filed a

2  claim with Contra Costa county as required by the California

3  Government Tort Claims Act (GTCA), Cal Gov Code § 900 et seq.  See

4  id at 25.  Finally, the court concluded that further amendment to

5  the TAC would be futile and, therefore, the court denied

6  plaintiff's request for leave to file a fourth amended complaint.

7  See id at 26.

8          On September 7, 2001, plaintiff sought leave to file a

9  motion for reconsideration of the court's dismissal with prejudice

10 of her state law claims against the county defendants, asserting

11 that she had, in fact, timely filed a claim with Contra Costa

12 county pursuant to the GTCA.  Doc #94.  The court concluded that

13 this evidence might indeed require reconsideration of the court's

14 conclusion that further amendment of plaintiff's complaint would be

15 futile.  Thus plaintiff was given leave to file a motion for

16 reconsideration, which she did on September 16, 2002, and

17 supplemented on January 13, 2003.  See Docs ##107, 112.  On January

18 2, 2003, plaintiff also filed a motion she styled a motion to add

19 additional defendants.  See Doc #111.

20         On February 12, 2003, the court denied plaintiff's motion

21 for reconsideration, but gave plaintiff leave to file a motion to

22 file a fourth amended complaint (FAC) to include new claims and/or

23 new defendants.  Doc #115.  Plaintiff's motion was due on or before

24 March 20, 2003.  Id.  On March 21, 2003, plaintiff moved the court

25 for an extension of time (Doc #117), which the court granted on

26 July 9, 2003 (Doc #118), giving plaintiff until August 7, 2003, to

27 file the FAC.  The deadline passed without plaintiff filing the

28 FAC, and on September 30, 2003, the court sua sponte dismissed the

3

1    case without prejudice.  Doc #121.

2            On August 11, 2004, more than fifteen months after her

3    last filing and almost one year after dismissal, plaintiff

4    unexpectedly filed a motion to reopen the case.  Doc #124.  In that

5    motion, plaintiff asserted that, unbeknownst to her, the court had

6    an incorrect address on file for her and thus she never received

7    either the court's July 9, 2003, order granting her leave to file

8    the FAC, nor the court's September 30, 2003, order dismissing her

9    case.  Id.  The court denied plaintiff's request to reopen on

10   August 17, 2004, giving two reasons:  (1) the orders were sent to

11   the address the court had on file for plaintiff, and it was her

12   responsibility to ensure that the address on file was correct; and

13   (2) plaintiff's proper recourse was not to file a motion to reopen

14   the closed case, but rather to open a new case and file a new

15   complaint.  Doc #125.

16           On September 29, 2004, plaintiff filed a new action

17   against the federal defendants, which was assigned to Judge

18   Jenkins.  See No C-04-4141 MJJ.  After defendants filed a motion to

19   dismiss the complaint based in part on statute of limitations

20   grounds and plaintiff filed her opposition, the undersigned sua

21   sponte related No 04-4141 to No 00-1954.

22           Presently before the court is plaintiff's request for

23   leave to renew her motion to reopen the case.  In the alternative,

24   plaintiff requests clarification from the court if the denial of

25   the motion to reopen the case was based on equitable tolling of the

26   statute of limitations.

27   //

28   //

**4**

United States District Court

For the Northern District of California

II

First, the court has already denied plaintiff's motion to reopen No 00-1954 and plaintiff offers no new arguments why the case should be reopened.   Despite the unorthodox format of the present request, plaintiff essentially seeks reconsideration of the court's August 17, 2004, decision not to reopen No 00-1954.   As the court noted in adjudicating another of plaintiff's requests for reconsideration, there are typically three grounds on which a court will grant reconsideration: (1) newly discovered evidence; (2) a clearly erroneous or manifestly unjust earlier decision of the court; or (3) an intervening change in controlling law.   See School Dist No 1J, Multnomah County v ACandS, Inc, 5 F3d 1255, 1263 (9th Cir 1993).

Plaintiff does not present new evidence or argue that a change in controlling law has occurred.   Rather, plaintiff's sole rationale for seeking reconsideration appears to be her belated realization of the effect of the court's dismissal of No 00-1954: namely, that the filing date of the new case, rather than the filing date of the dismissed case, would determine whether her federal claims were barred by the applicable statute of limitations.   Based on this belated realization, plaintiff argues that the court's refusal to reopen No 00-1954 is manifestly unjust. Yet plaintiff's misapprehension, unfortunate though it may be, does not create a ground for reconsideration.   The gravamen of the court's decision not to reopen No 00-1954 was plaintiff's failure to provide the court with an accurate address as required by Civil Local Rule 3-11(a), as well as her failure to monitor the case for well over a year.   Because it was based on plaintiff's inaction,

the court's refusal to reopen was not manifestly unjust.

It also appears that plaintiff construed the court's August 17, 2004, order as implicitly tolling the statute of limitations for her federal claims. See Doc #127 at 4 ("If defendants are allowed to succeed on the basis that the complaint is time-barred, it will defeat the intent of the Court's order denying the reopening on the basis that Plaintiff can refile.") Plaintiff, however, may not move the court to reconsider an order simply because she failed immediately to grasp its legal effect. In the August 17, 2004, order, the court merely stated:

> [T]he court's September 30, 2003, dismissal of the case was without prejudice. Plaintiff is thus free to file a new case on the basis of the claims the court has previously dismissed.  Should plaintiff wish to proceed with her claims, her recourse is simply to open a new case and file a new complaint, as opposed to attempting to reopen this case.

Doc #125.  The order contained no decision regarding the applicable statute of limitations.  Nor was the decision to deny the reopening of plaintiff's case made, as plaintiff asserts, "on the basis that Plaintiff can refile." Doc #127 at 4.  As discussed above, the decision was based on plaintiff's failure to comply with the court's previous orders and the fact that a motion to reopen was not plaintiff's proper recourse.

//
//
//
//
//
//
//

**United States District Court**
For the Northern District of California

1

IV

2       In sum, plaintiff offers no adequate ground for the court

3  to reconsider its August 17, 2004, denial of plaintiff's request to

4  reopen No 00-1954.  Accordingly, plaintiff's request to renew her

5  motion to reopen No 00-1954 is DENIED.  The case management

6  conference and motion hearing set for July 21, 2005, is VACATED.

7  The parties may proceed with any remaining issues in No 04-4141.

8

9

10       IT IS SO ORDERED.

11

12  

13       VAUGHN R WALKER

14       United States District Chief Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7